[Civ. No. 10003.  Second Appellate District, Division One.—April 15, 1933.]

LUTHER T. MAYO, INC., Respondent, v. PUTERMAN & GOLD (a Copartnership) et al., Appellants.

Abe Richman and Sidney J. Unickel for Appellants.

Meserve, Mumper, Hughes & Robertson for Respondent.

CONREY, P. J.—Proceeding under the provisions of rule V, subdivision 3, and rule VIII, respondent moves to dismiss the appeal of defendants, or affirm judgment.

■ This motion has been presented promptly after the filing of appellants' opening brief. The judgment is a judgment for damages resulting from an alleged breach of contract. The record on appeal is the clerk's transcript, together with the typewritten transcript presented in lieu of a bill of exceptions, as permitted by section 963a et seq. of the Code of Civil Procedure. As there is not any specification in the brief of insufficiency of the evidence to sustain the findings of fact, we must assume that the findings contain the established facts. And as the findings are not set forth, or even mentioned, in the brief, we are not called upon to give them further attention. The transcript, prepared in accordance with section 953c of the Code of Civil Procedure, need not be printed, but the parties "must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court". While the contention of appellants, that the conditions of the contract precedent to the right of recovery for breach thereof have not been met, may imply an exception to some finding of fact, yet in the absence of any such finding, the sufficiency of the evidence to sustain it cannot be tested. Moreover, the contention above mentioned is not even supported by any presentation of the evidence relating thereto.

■ The remaining points presented by appellants are that no enforceable contract was entered into between the parties, in this, that the alleged contract was at best an offer to enter into a lease and ultimately into a construction contract; that the contract is without mutuality and therefore is not enforceable; and that the contract is unenforceable because of its palpable uncertainty in material respects. There is, however, no suggestion pointing to those "material respects", or indicating what they are. These contentions are, in effect, that by reason of these faults in the contract,

the complaint failed to state a cause of action. The contract is not in the brief, but there is a statement purporting to give the substance of the document. There is no apparent reason why such contract might not be performed, or why an action may not be maintained for breach thereof. There is not found in the brief any copy of the complaint, or any statement of the substance thereof, except that on page 4 of the brief there is a quotation from one paragraph of the complaint. So far as appears, the complaint stated a good cause of action.

The judgment is affirmed.

Houser, J., and York, J., concurred.